42 A.3d 154

IN THE MATTER OF MICHAEL D. SINKO, AN ATTORNEY
AT LAW (ATTORNEY NO. 029951976).

May 9, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 11–342, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **MICHAEL D. SINKO,** formerly of **HADDONFIELD,** who was admitted to the bar of this State in 1977, and who has been temporarily suspended from the practice of law since May 15, 2009, should be disbarred based on his conviction in the United States District Court for the Eastern District of Pennsylvania of money laundering and conspiracy to commit money laundering, conduct that in New Jersey violates *RPC* 8.4(b) (criminal act that reflects adversely on an attorney's honesty, trustworthiness or fitness as a lawyer), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And respondent having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a prospective three-year term of suspension is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **MICHAEL D. SINKO** is suspended from the practice of Law for a period three years and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.